UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAKAELA THOMAS, TRYMELLE L. JOHNSON, DERRIUS GIPSON, TITUS JUDE, and CASH X. BROWN, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No.<br>) |
| v. | ) Judge<br>) |
| JAMES SCHILLER, JESUS TEJEDA, MARCO SULLO, ERIC OROZCO, SALVATORE TROPEA, OSCAR ALVAREZ, JOHN MENOLASCINO, JR., UNKNOWN MELROSE PARK POLICE OFFICER, VILLAGE OF MELROSE PARK, ILLINOIS, a Municipal Corporation, FRANCESCA M. PETERS, TYLER M. SALDANA, JULIAN A. CATUARA, DANE H. STERNS, TAYLOR SALVI, CAPITAL FITNESS, INC., CAPITAL FITNESS - MELROSE PARK, LLC, CAPITAL FITNESS ILLINOIS, LLC, and MELROSE PARK XSPORT FITNESS, | ) Magistrate Judge<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## CIVIL RIGHTS COMPLAINT

Plaintiffs, MAKAELA THOMAS, TRYMELLE L. JOHNSON, DERRIUS GIPSON, TITUS JUDE, and CASH X. BROWN, by and through their attorneys, Irene K. Dymkar and Shamoyita M. DasGupta, complain against defendants, JAMES SCHILLER, JESUS TEJEDA, MARCO SULLO, ERIC OROZCO, SALVATORE TROPEA, OSCAR ALVAREZ, JOHN MENOLASCINO, JR., UNKNOWN MELROSE PARK POLICE OFFICER, VILLAGE OF MELROSE PARK, ILLINOIS, a Municipal Corporation, FRANCESCA M. PETERS, TYLER M. SALDANA, JULIAN A. CATUARA, DANE H. STERNS, TAYLOR SALVI, and CAPITAL FITNESS, INC., CAPITAL FITNESS - MELROSE PARK, LLC, CAPITAL FITNESS ILLINOIS, LLC, and MELROSE PARK XSPORT FITNESS, as follows:

1. This action arises under the United States Constitution and the laws of the United States, specifically 42 U.S.C. § 1983, to redress deprivations of the civil rights of the plaintiffs, MAKAELA THOMAS, TRYMELLE L. JOHNSON, DERRIUS GIPSON, TITUS JUDE, and CASH X. BROWN, through acts and/or omissions of defendants, JAMES SCHILLER, JESUS TEJEDA, MARCO SULLO, ERIC OROZCO, SALVATORE TROPEA, OSCAR ALVAREZ, JOHN MENOLASCINO, JR., UNKNOWN MELROSE PARK POLICE OFFICER, VILLAGE OF MELROSE PARK, ILLINOIS, a Municipal Corporation, FRANCESCA M. PETERS, TYLER M. SALDANA, JULIAN A. CATUARA, DANE H. STERNS, TAYLOR SALVI, CAPITAL FITNESS, INC., CAPITAL FITNESS - MELROSE PARK, LLC, CAPITAL FITNESS ILLINOIS, LLC, and MELROSE PARK XSPORT FITNESS, committed under color of law. Specifically here, defendants deprived plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution. This action also arises under Illinois state law.

## JURISDICTION AND VENUE

2. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue lies in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. §1391, because all events or omissions giving rise to this claim occurred in this jurisdiction.

## PARTIES

4. At all times herein mentioned, plaintiffs, MAKAELA THOMAS (THOMAS), TRYMELLE L. JOHNSON (JOHNSON), DERRIUS GIPSON (GIPSON), TITUS JUDE (JUDE), and CASH X. BROWN (BROWN), were and are citizens of the United States and the State of Illinois.

5. At all times herein mentioned, defendants JAMES SCHILLER (SCHILLER), JESUS TEJEDA (TEJEDA), MARCO SULLO (SULLO), ERIC OROZCO (OROZCO), SALVATORE TROPEA (TROPEA), OSCAR ALVAREZ (ALVAREZ), JOHN MENOLASCINO, JR. (MENOLASCINO), and UNKNOWN MELROSE PARK POLICE OFFICER were sworn members of the Melrose Park Police Department and were acting under color of state law and as employees or agents of the VILLAGE OF MELROSE PARK, ILLINOIS (MELROSE PARK).

6. Defendant MELROSE PARK is a municipal corporation, duly organized under the laws of the State of Illinois. Defendant MELROSE PARK maintained, managed, and/or operated the Melrose Park Police Department.

7. Defendants FRANCESCA M. PETERS (PETERS), TYLER M. SALDANA (SALDANA), JULIAN A. CATUARA (CATUARA), DANE H. STERNS (STERNS), and TAYLOR SALVI (SALVI) were individuals residing in the State of Illinois and were employed at all times herein mentioned by defendant CAPITAL FITNESS, INC., and/or CAPITAL FITNESS - MELROSE PARK, LLC, and/or CAPITAL FITNESS ILLINOIS, LLC, and/or MELROSE PARK XSPORT FITNESS. They were acting within the scope of their employment and in furtherance of their employment in committing the acts described herein.

8. Defendants CAPITAL FITNESS, INC., CAPITAL FITNESS - MELROSE PARK, LLC, CAPITAL FITNESS ILLINOIS, LLC, and MELROSE PARK XSPORT FITNESS were and are corporations, duly organized and incorporated under the laws of the State of Illinois, and conducting business in the State of Illinois. They will collectively be referred to as XSPORT FITNESS.

## FACTUAL ALLEGATIONS

9. On June 9, 2021, plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, were each legally using the exercise and gym facilities at XSPORT FITNESS in Melrose Park, Illinois.

10. Defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI falsely accused plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, of breaking into lockers in the men's locker room and stealing property from other people.

11. Plaintiffs are all African-American and believe they were racially profiled

12. Defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI called the Melrose Police Department and defendant officers SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO responded.

13. With knowledge, defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI and defendant officers SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO agreed to act in concert to commit acts which violated the constitutional rights of plaintiffs.

14. Without probable cause and without plaintiffs' consent, defendant officers SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO, acting in concert and in agreement with defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI, searched plaintiffs' persons, and searched their personal property, including gym bags.

15. Defendant officers SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO, were looking for burglar's tools, broken locks, and stolen property and found none of these items.

16. Without probable cause, defendants SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO, acting in concert and in agreement with defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI, detained plaintiffs against their will.

17. Without probable cause, defendants SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO, acting in concert and in agreement with defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI, handcuffed plaintiffs and arrested them.

18. Defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI admitted, and defendants SCHILLER, TEJEDA, SULLO, TROPEA, ALVAREZ, MENOLASCINO, and OROZCO knew, that no one had witnessed the alleged burglary or theft or seen plaintiffs commit any crimes.

19. Plaintiffs were transported in custody to the Melrose Park police station.

20. Plaintiffs were not told why they were being arrested.

21. At the police station, the search of plaintiffs' persons and property continued.

22. At the police station, plaintiff THOMAS was also searched by a female officer, UNKNOWN MELROSE PARK POLICE OFFICER, who patted down plaintiff THOMAS's private areas.

23. Plaintiffs remained in custody until they were eventually released without being criminally charged, with no way to get home.

24. Before they were released, defendant officers seized plaintiffs' access cards to XSPORT FITNESS, and informed them that they were forbidden to go onto the property of the XSPORT FITNESS in Melrose Park.

25. By reason of the above-described acts and omissions of defendants set forth in the above paragraphs, plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN sustained the loss of freedom, humiliation, and indignities, and suffered great mental and emotional pain and suffering, all to their damage.

26. The aforementioned acts were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiffs' rights and justify the awarding of exemplary and punitive damages.

27. By reason of the above-described acts and omissions of the individual defendants, plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to them in the within action, so that they might vindicate the loss and impairment of their rights. By reason thereof, plaintiffs request payment by the individual defendants of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. § 1988, the Equal Access to Justice Act, and any other provision set by law.

**COUNT I**
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO PETERS, SALDANA, CATUARA, STERNS, SALVI, and XSPORT FITNESS for Illegal Stop and Detention - 42 U.S.C. § 1983.**

28. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

29. The illegal detention of plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, by defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI was without probable cause and unreasonable.

30. The individual defendants who illegally stopped and detained plaintiffs are directly liable for their own actions.

31. In addition, the individual defendants had reason to know that plaintiffs were subjected to constitutional violations by others, all unjustifiably and without legal cause.

32. The individual defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

33. By reason of the conduct of defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI, plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, pursuant to 42 U.S.C. § 1983.

34. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

## COUNT II
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO PETERS, SALDANA, CATUARA, STERNS, SALVI, and XSPORT FITNESS for False Arrest - 42 U.S.C. § 1983.**

35. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

36. The seizure and arrest of plaintiffs by defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO PETERS, SALDANA, CATUARA, STERNS, and SALVI were without probable cause and unreasonable.

37. The individual defendants who illegally seized and arrested plaintiffs are directly liable for their own actions.

38. In addition, the individual defendants had reason to know that plaintiffs were subjected to constitutional violations by others, all unjustifiably and without legal cause.

39. The individual defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

40. By reason of the conduct of defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI, plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, pursuant to 42 U.S.C. § 1983.

41. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

### COUNT III
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, UNKNOWN MELROSE PARK POLICE OFFICER, PETERS, SALDANA, CATUARA, STERNS, SALVI, and XSPORT FITNESS for Illegal Search of Person - 42 U.S.C. § 1983.**

42. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

43. The search of plaintiffs' persons was without probable cause to believe that plaintiffs were armed with weapons, or were involved in any criminal activity, and was unreasonable.

44. The search of plaintiffs' persons was without plaintiffs' consent, and was unreasonable.

45. The search of plaintiff THOMAS by defendant UNKNOWN MELROSE PARK POLICE OFFICER was humiliating, and was done without probable cause to believe that she was armed with a weapon, or was involved in any criminal activity, and was unreasonable.

46. The individual defendants who illegally searched plaintiffs' persons are directly liable for their own actions.

47. In addition, the individual defendants had reason to know that plaintiffs were subjected to constitutional violations by others, all unjustifiably and without legal cause.

48. The individual defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

49. By reason of the conduct of defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, UNKNOWN MELROSE PARK POLICE OFFICER, PETERS, SALDANA, CATUARA, STERNS, and SALVI, plaintiffs, THOMAS,

JOHNSON, GIPSON, JUDE, and BROWN, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, pursuant to 42 U.S.C. § 1983.

50. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

### COUNT IV
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, SALVI, and XPORT FITNESS for Illegal Search and Seizure of Property - 42 U.S.C. § 1983.**

51. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

52. The illegal searches and seizures of plaintiffs' property by the defendant officers at XSPORT FITNESS and at the Melrose Park police station were without probable cause to believe that plaintiffs were involved in any criminal activity and were unreasonable.

53. Defendants illegally seized and confiscated plaintiffs' membership access cards to XSPORT FITNESS.

54. The individual defendants who illegally searched and seized plaintiffs' property are directly liable for their own actions.

55. In addition, the individual defendants had reason to know that plaintiffs were subjected to constitutional violations by others, all unjustifiably and without legal cause.

56. The individual defendants had a reasonable opportunity to prevent said unconstitutional acts from occurring, but failed to intervene.

57. By reason of the conduct of defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI, plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, were deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, pursuant to 42 U.S.C. § 1983.

58. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

### COUNT V
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI and XSPORT FITNESS for Conspiracy - 42 U.S.C. § 1983**

59. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

60. The above acts were committed with knowledge and by agreement of the individual defendants, SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI, to act in concert and commit acts which violated the constitutional rights of plaintiffs.

61. By reason of the conduct of defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI, plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, were

deprived of rights, privileges, and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder. Therefore, said defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, pursuant to 42 U.S.C. § 1983.

62. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

**COUNT VI**
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, SALVI, XSPORT FITNESS, and MELROSE PARK for State Supplemental Claim of False Imprisonment/Illegal Detention**

63. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

64. The false imprisonment/illegal detention of plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, by defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, and SALVI was without probable cause and unreasonable.

65. Defendants are liable to plaintiffs under Illinois law for the state supplemental claim of false imprisonment/illegal detention.

66. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

67. Defendant MELROSE PARK is liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior*.

## COUNT VII
**Plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, UNKNOWN MELROSE PARK POLICE OFFICER, and MELROSE PARK for State Supplemental Claim of Battery.**

68. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

69. Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, and UNKNOWN MELROSE PARK POLICE OFFICER unlawfully touched and seized THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, without their consent and without legal authority.

70. Defendants are liable to plaintiffs under Illinois law for the state supplemental claim of battery.

71. Defendant MELROSE PARK is liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

## COUNT VIII
**Plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, Against Defendants PETERS, SALDANA, CATUARA, STERNS, SALVI, and XSPORT FITNESS for State Supplemental Claim of Assault.**

72. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

73. Defendants PETERS, SALDANA, CATUARA, STERNS, and SALVI engaged in conduct which placed plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, in fear of an imminent battery, that is, being seized and arrested by members of the Melrose Police Department.

74. Defendants are liable to plaintiffs under Illinois law for the state supplemental claim of assault

75. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

## COUNT IX
**Plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, Against Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, PETERS, SALDANA, CATUARA, STERNS, SALVI, XSPORT FITNESS, and MELROSE PARK for State Supplemental Claim of Conversion.**

76. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

77. Defendants seized plaintiff's property and illegally retained said property.

78. Defendants are liable to plaintiffs, THOMAS, JOHNSON, GIPSON, JUDE, and BROWN, under Illinois law for the state supplemental claim of conversion.

79. The defendant corporations collectively referred to as XSPORT FITNESS are liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

80. Defendant MELROSE PARK is liable for the wrongful actions of their employees pursuant to the doctrine of *respondeat superior.*

## COUNT X
**Plaintiffs THOMAS, JOHNSON, GIPSON, JUDE, and BROWN Against Defendant MELROSE PARK for Indemnification (735 ILCS 10/9-102)**

81. Plaintiffs incorporate and reallege paragraphs 1-27, as though set forth herein in their entirety.

82. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

83. Defendants SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, and UNKNOWN FEMALE MELROSE PARK POLICE OFFICER were employees of MELROSE PARK and acted in furtherance of and within the scope of their employment in committing the acts of misconduct described herein.

84. Defendant MELROSE PARK is thus liable under the theory of indemnification.

WHEREFORE, plaintiffs, MAKAELA THOMAS, TRYMELLE L. JOHNSON, DERRIUS GIPSON, TITUS JUDE, and CASH X. BROWN, request judgment as follows against defendants, SCHILLER, TEJEDA, SULLO, OROZCO, TROPEA, ALVAREZ, MENOLASCINO, UNKNOWN MELROSE PARK POLICE OFFICER, MELROSE PARK, ILLINOIS, PETERS, SALDANA, CATUARA, STERNS, SALVI, and XSPORT FITNESS, in the claims set forth above, and specifically:

    A. That defendants be required to pay plaintiffs general damages, including emotional distress, in a sum to be ascertained at a trial of this matter;

    B. That defendants be required to pay plaintiffs special damages, in a sum to be ascertained at a trial of this matter;

    C. That defendants, except MELROSE PARK, be required to pay plaintiffs punitive damages in a sum to be ascertained at a trial of this matter;

    D. That defendants be required to pay plaintiffs' attorneys' fees pursuant to 42. U.S.C. § 1988, the Equal Access to Justice Act, or any other applicable provision, for all federal claims alleged herein;

    E. That defendants be required to pay plaintiffs' costs of the suit herein incurred; and

      F.      That plaintiffs be granted such other and further relief as this Court may deem just and proper.

**Plaintiff hereby requests a TRIAL BY JURY.**

Dated: June 9, 2022                                                /s/   Irene K. Dymkar
                                                                             Irene K. Dymkar

Plaintiff's Attorneys:

Irene K. Dymkar
Shamoyita M. DasGupta
Attorneys for Plaintiff
Law Offices of Irene K. Dymkar
53 W. Jackson, Suite 733
Chicago, IL 60604
(312) 345-0123